```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :
DENNY MARTIN,                                       :
                                                    :
                        Plaintiff,                  :
                                                    :    20-CV-10428 (JMF)
        -v-                                         :
                                                    :    MEMORANDUM OPINION
BERKSHIRE LIFE INSURANCE COMPANY OF                 :    AND ORDER
AMERICA,                                            :
                                                    :
                        Defendant.                  :
                                                    :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In this action, Plaintiff Denny Martin brings breach-of-contract claims against Berkshire Life Insurance Company of America ("Berkshire") based on its denial of his claims for disability benefits. In connection with discovery, Berkshire served a subpoena on the Law Offices of Thomas F. Liotta (the "Liotta Firm"), counsel to Martin in connection with a New York state court matrimonial action, seeking all "non-privileged materials" maintained by the Liotta Firm "in the matrimonial action," including but not limited to all court transcripts, deposition transcripts, communications with counsel for Martin's ex-spouse, motions and exhibits, and affidavits. *See* ECF No. 19-2. The Liotta Firm now moves, pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, to quash the subpoena and for a protective order, principally on the ground that the materials sought are all privileged pursuant to New York Domestic Relations Law ("DRL") § 235(1). *See* ECF No. 19-1 ("Liotta Firm Decl.").

The Liotta Firm's motion is DENIED as meritless. DRL Section 235(1) provides, in relevant part, that

> [a]n officer of the court with whom the proceedings in a matrimonial action . . . are filed, or before whom the testimony is taken, or his clerk, . . . shall not permit a copy

> of any of the pleadings, affidavits, findings of fact, conclusions of law, judgment of dissolution, written agreement of separation or memorandum thereof, or testimony, or any examination or perusal thereof, to be taken by any other person than a party, or the attorney or counsel of a party, except by order of the court.

N.Y. DRL § 235(1). By its terms, therefore, the statute's prohibitions apply only to "officer[s] of the court" and their "clerk[s]." The statute "does not place any such prohibition on litigants" (here, Martin) or their counsel (here, the Liotta Firm). *Tornheim v. Blue & White Food Products Corp.*, 901 N.Y.S.2d 307, 308 (2d Dep't 2010); *see also Parker v. Parker*, 773 N.Y.S.2d 518, 524 (N.Y. Sup. Ct. 2003) ("Neither the Domestic Relations Law nor the CPLR provide any statutory mandate compelling matrimonial litigants to seek leave of court before disseminating their own or their spouse's papers in a matrimonial action."); *see also* Alan D. Scheinkman, Practice Commentaries, McKinney's Cons. Laws of NY, DRL § 235(1) (citing *Danziger v. Hearst Corp.*, 107 N.E.2d 62, 64 (N.Y. 1952), for the proposition that Section 235(1) applies only to information obtained from "the court file" and "place[s] no restriction on what use the parties or their counsel may make of their copies of filed papers").

That is enough to dispose of the Liotta Firm's primary argument, but the argument fails for another reason as well: The privilege set forth in Section 235(1) is not absolute. By its terms, Section 235(1) permits disclosure of otherwise privileged materials pursuant to court order. And New York courts have held that "the shield afforded by Domestic Relations Law § 235 must give way to the need for disclosure of relevant evidence." *Janecka v. Casey*, 508 N.Y.S.2d 451, 454 (1st Dep't 1986); *see also, e.g.*, *People v. Malaty*, 780 N.Y.S.2d 847, 850 (N.Y. Sup. Ct. 2004) (ordering disclosure of evidence that was "both significant and relevant" to the proceedings); Scheinkman, Practice Commentaries, DRL § 235(1) ("[A]ccess to matrimonial records may be permitted by court order where the records are pertinent to issues presented in non-matrimonial litigation."), *quoted in* Liotta Firm Decl. ¶ 16. The materials sought from the Liotta Firm are directly relevant to the issues

in this case, substantially for the reasons set forth in Berkshire's memorandum of law.  *See* ECF No. 29, at 10-11.

The Court has reviewed the Liotta Firm's other arguments and finds that they too are without merit.  In particular, the Liotta Firm also relies on Rule 45(d)(1) of the Federal Rules of Civil Procedure, which requires a party to "take reasonable steps to avoid imposing undue burden or expense on a person subject to [a] subpoena," *see* Liotta Firm Decl. ¶¶ 22-24, but that reliance is misplaced.  As Berkshire notes, to comply with the subpoena, the Liotta Firm need only provide copies of its file to Martin's counsel in this case; counsel in this case has agreed to review the materials for privilege and to disclose non-privileged, responsive documents to Berkshire.  *See* ECF No. 29, at 13.

Accordingly, the Liotta Firm's motion to quash and for a protective order is DENIED.  The Liotta Firm shall promptly comply with the subpoena.

One housekeeping matter remains.  "Out of an abundance of caution," Berkshire sought leave to file certain materials under seal or in redacted form because they had been marked as "confidential" by one of the parties and "may be subject to DRL 235."  ECF No. 23, at 2.  The Court temporarily granted Berkshire's request pending a decision on the Liotta Firm's motion.  *See* ECF No. 25.  It is well established that filings that are "relevant to the performance of the judicial function and useful in the judicial process" are considered "judicial documents" to which a presumption in favor of public access attaches.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  Significantly, assessment of whether the presumption in favor of public access is overcome must be made on a document-by-document basis.  *See, e.g.*, *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019).  And the mere fact that information is sealed or redacted by agreement of the parties — which is the case here for some of the documents at issue — is not a valid basis to overcome the presumption.  *See, e.g.*, *United States v. Wells Fargo Bank N.A.*, No. 12-

CV-7527 (JMF), 2015 WL 3999074, at *4 (S.D.N.Y. June 30, 2015).  Accordingly, no later than **one week from the date of this Memorandum Opinion and Order**, any party that believes any materials currently under seal or in redacted form should remain under seal or in redacted form is ORDERED to show cause in writing, on a document-by-document basis, why doing so would be consistent with the presumption in favor of public access.  If, by that deadline, no party contends that a particular document should remain under seal or in redacted form, then the document will be unsealed without further notice.

    The Clerk of Court is directed to terminate ECF No. 23.

    SO ORDERED.

Dated: August 27, 2021
       New York, New York

                                        JESSE M. FURMAN
                                        United States District Judge