

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**KENNETH C. MURPHY**
PARTNER
(516) 357-3154
casey.murphy@rivkin.com

November 16, 2021

**VIA ECF**
Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

Re: *Denny Martin v. Berkshire Life Insurance Company of America*
Civ. Action No.: 20 CV 10428 (JMF)
RR File No.: 5072-42

Dear Judge Furman,

This letter is submitted on behalf of defendant Berkshire Life Insurance Company ("Berkshire") in accordance with Your Honor's Order dated October 29, 2021 (the "Order").

The Order required plaintiff's counsel to produce by November 1st and November 15th the documents responsive to the Berkshire subpoena served on the Law Offices of Thomas Liotti (Liotti Firm"). To date, plaintiff has made two productions: the first was received by Berkshire on or about November 1st (documents bate stamped 1 – 3530), and the second was received by Berkshire on or about November 11th (bate stamped 3531 – 4739). Berkshire did not receive any further documents or a privilege log (due by November 15th), as required by the Order.

The production generally consists of pleadings and copies of motion papers filed by the parties in the divorce action (multiple copies of the pleadings, motions, and motion exhibits were produced). Notably, the non-privileged communications between counsel in the divorce action were also required by the Subpoena. The communications produced to date are generally limited to the filing of the motions and anticipated motion practice. It is yet unclear whether these are *all* non-privileged communications by and between counsel for Dr. Martin and counsel to Mrs. Martin. Moreover, without the privilege log, we cannot determine whether any communications were withheld and, if so, on what basis.

66 South Pearl Street, 11th Floor
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

RIVKIN RADLER  LLP

Honorable Jesse M. Furman
November 16, 2021
Page 2

Additionally, we noted that a valuation of Dr. Martin's business, AM PM Medical, was to be completed by an independent appraiser.  We could not locate that appraisal report in the production.  We request that the Liotti Firm and plaintiff's counsel confirm whether an appraisal exists and if it was or will be produced.

Accordingly, we seek an Order directing the following:

1. That the Court direct plaintiff's counsel to provide the privilege log;
2. That the Court direct the Liotti Firm to certify that the production is complete, including the production of all non-privileged communications;
3. That the Court direct the Liotti Firm to produce the appraisal report noted above, or certify that it does not exist.

Assuming the Liotti Firm complies with the above, Berkshire is willing to withdraw its motion for sanctions. Of course, we would also need to review the privilege log to ensure that no other privilege issues remain and reserve the right to seek court intervention in the event that we see believe any communications were improperly withheld under the guise of privilege.

Respectfully submitted,

*Kenneth C. Murphy*

Kenneth C. Murphy

Encl.
cc: All counsel of record (via ECF)

Application GRANTED.  Per the Court's Order of October 29, 2021, see ECF No. 42, Plaintiff's counsel was required to provide a privilege log by November 15, 2021, and the Liotti Firm was required to have produced all responsive materials.  No later than November 19, 2021, Plaintiff's counsel shall provide a privilege log or show cause why sanctions should not be imposed for failure to comply with the Court's earlier Order.  By the same date, the Liotti Firm shall certify in writing that its production is complete (including all non-privileged communications) and shall either produce the appraisal report discussed above or certify that it does not have the appraisal report in its possession, custody, or control.  The Clerk of Court is directed to terminate ECF No. 43.  SO ORDERED.

November 17, 2021