**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

DENNY MARTIN,

            *Plaintiff*,

    -against-

BERKSHIRE LIFE INSURANCE
COMPANY OF AMERICA,

            *Defendant*.

Civil Action No. 1:20-cv-10428 (JMF)

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION
IN LIMINE TO PRECLUDE INTRODUCTION OF (1) UNDISCLOSED WITNESSES;
(2) IRRELEVANT AND PREJUDICIAL EVIDENCE; AND (3) UNAUTHENTICATED
VIDEO EXHIBITS**

**LIPSIUS BENHAIM LAW, LLP**
80-02 Kew Gardens Road, Suite 1030
Kew Gardens, NY 11415
Telephone: (212) 981-8440
Facsimile: (888) 442-0284
*Attorneys for Plaintiff Denny Martin*

*Of Counsel:*
    Ira S. Lipsius
    David BenHaim
    Alexander J. Sperber
    Meir Z. Goldberg

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................... 1

ARGUMENTS ................................................................................................... 1

    A.    Defendant Must Be Precluded from
           Using Any Witnesses that Were Not
           Disclosed in its Rule 26 Disclosure ......................................................... 2

    B.    Any Spousal Communications are
           Privileged and Irrelevant and Must be Precluded ................................... 4

    C.    Any Mention of the Details of Denny Martin's
           Divorce Would be Unduly Prejudicial and Wholly
           Irrelevant to the Issues in this Case ........................................................ 5

    D.    Any Mention of Denny Martin's Efforts to
           Offer A Bribe Would be Unduly Prejudicial and
           Wholly Irrelevant to the Issues in this Case ........................................... 7

    E.    Any Video Recordings that Defendant Seeks
           To Introduce at Trial Must be Excluded
           Unless They Are Authenticated ............................................................. 8

CONCLUSION .................................................................................................. 9

# TABLE OF AUTHORITIES

| Cases | Page(s) |
|---|---|
| *Blau v. United States*, 340 U.S. 332 (1951) | 4 |
| *Bovell v. City of Mount Vernon*, No. 21-cv-1621, 2023 U.S. Dist. LEXIS 87445 (S.D.N.Y. May 18, 2023) | 4 |
| *CA, Inc. v. Simple.com, Inc.*, 780 F. Supp. 2d 196 (E.D.N.Y. 2009) | 9 |
| *Design Strategy v. Davis*, 469 F.3d 284 (2d Cir. 2006) | 2, 3 |
| *Ebewo v. Martinez*, 309 F. Supp. 2d 600 (S.D.N.Y. 2004) | 2 |
| *Gonzalez v. Digital Equip. Corp.*, 8 F. Supp. 2d 194 (E.D.N.Y. 1998) | 9 |
| *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461 (S.D.N.Y. 2005) | 1 |
| *In re Reserve Fund Secs. & Derivative Litig. v. Reserve Mgmt. Co.*, 275 F.R.D. 154 (S.D.N.Y. 2011) | 4 |
| *Kleveland v. United States*, 345 F.2d 134 (2d Cir. 1965) | 8 |
| *Mikus v. United States*, 433 F.2d 719 (2d Cir. 1970) | 8 |
| *Miles v. County of Broome*, No. 3:04-CV-1147, 2006 U.S. Dist. LEXIS 15482 (N.D.N.Y. Mar. 6, 2006) | 3 |
| *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976) | 2 |
| *Old Chief v. United States*, 5 19 U.S. 172 (1997) | 6 |
| *Palmieri v. Defaria*, 88 F.3d 136 (2d Cir. 1996) | 1 |

*Patterson v. Balsamico*,
    440 F.3d 104 (2d Cir. 2006) .................................................................. 3

*Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*,
    280 F.R.D. 147 (S.D.N.Y. 2012) ............................................................ 2, 3

*Rivera v. United Parcel Serv.*,
    325 F.R.D. 542 (S.D.N.Y. 2018) ............................................................ 4

*Shatkin v. McDonnell Douglas Corp.*,
    727 F.2d 202 (2d Cir. 1984) .................................................................. 2

*Starter Corp. v. Converse, Inc.*,
    170 F.3d 286 (2d Cir. 1999) .................................................................. 6

*Tse v. UBS Fin. Servs. Inc.*,
    568 F. Supp. 2d 274 (S.D.N.Y. 2008) ................................................... 2

*U.S. v. Devery*,
    935 F. Supp. 393 (S.D.N.Y. 1996) ........................................................ 6

*United States v. Corr*,
    543 F.2d 1042 (2d Cir. 1976) ................................................................ 2

*United States v. Figueroa*,
    618 F.2d 934 (2d Cir. 1980) .................................................................. 6

*United States v. Giovinco*,
    No. 18 Cr. 14 (JSR), 2020 U.S. Dist. LEXIS 29633 (S.D.N.Y. Feb. 20, 2020) ... 7

*United States v. Ida*,
    1997 U.S. Dist. LEXIS 2997 (S.D.N.Y. Mar. 18, 1997) ..................................... 8

*United States v. Pluta*,
    176 F.3d 43 (2d Cir. 1999) .................................................................... 8

*United States v. Robinson*,
    560 F.2d 507 (2d Cir. 1977) .................................................................. 6

*United States v. Ruggiero*,
    928 F.2d 1289 (2d Cir. 1991) ................................................................ 8

*United States v. Siraj*,
    No. 05 Cr. 104, 2006 U.S. Dist. LEXIS 68651 (E.D.N.Y. Sept. 25, 2006) ........ 7

*United States v. Taylor*,
    92 F.3d 1313 (2d Cir. 1996) .................................................................  5

*United States v. Tin Yat Chin*,
    371 F.3d 31 (2d Cir. 2004) .....................................................................  8

*United States v. Tokash*,
    282 F.3d 962 (7th Cir. 2002) ..................................................................  1

*Update Art, Inc. v. Modiin Pub., Ltd.*,
    843 F.2d 67 (2d Cir. 1988) .....................................................................  2

*Wilson v. Bradlees of New England. Inc.*,
    250 F.3d 10 (1st Cir. 2001) ....................................................................  3

*Wolfle v. United States*,
    291 U.S. 7 (1934) ...................................................................................  4

## **STATUTES**

Fed. R. Evid. 104 ..........................................................................................  1

Fed. R. Civ. P. 26(a) .....................................................................................  1, 2, 3, 4, 7, 9

Fed. R. Civ. P. 37(c) .....................................................................................  2, 3, 4, 7

Fed. R. Evid. 401 ..........................................................................................  5, 6, 7

Fed. R. Evid. 402 ..........................................................................................  6, 7

Fed. R. Evid. 403 ..........................................................................................  5, 6, 7, 8

Fed. R. Evid. 404 ..........................................................................................  7

Fed. R. Evid. 901(a) ......................................................................................  8, 9

**PRELIMINARY STATEMENT**

Plaintiff Denny Martin ("Plaintiff" or "Martin") respectfully submits this memorandum of law in support of his motion *in limine* on several issues prior to trial against defendant Berkshire Life Insurance Company of America ("Defendant" or "Berkshire").

First, Plaintiff seeks to preclude Defendant from using any witnesses that Defendant failed to disclose in its Rule 26 disclosures. Specifically, Plaintiff seeks to preclude Defendant from calling Allison Martin, Michelle Sperruggia, Juan Carlos Payan, Connor Pugh, Jesse Strollo, Marco Grimaldi, and Clive Whilby.

Second, Plaintiff seeks to preclude certain evidence or argument that is wholly irrelevant to the issues at trial, and/or for which any probative value is substantially outweighed by the risk of juror confusion, distraction from the evidence, unnecessary lengthening of the trial, and/or unfair prejudice to Plaintiff. Specifically, Plaintiff moves to preclude any evidence or argument concerning the details of the grounds for Martin's divorce, including but not limited to any mention of irrelevant salacious behavior.

Finally, Plaintiff moves to preclude Defendant from adducing any video recordings of Martin unless the person who actually recorded the videos testifies at trial.

**ARGUMENTS**

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation marks omitted); *see also Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 467 (S.D.N.Y. 2005); *see generally* Fed. R. Evid. 104. *In limine* motions therefore serve the salutary goal of "streamlin[ing] trials and settl[ing] evidentiary disputes in advance." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002).

1

It is well settled that the Court may rely on the Federal Rules of Evidence ("Rules") and its own broad discretion in determining whether or not to exclude certain evidence at trial. *Shatkin v. McDonnell Douglas Corp.*, 727 F.2d 202, 207 (2d Cir. 1984); *United States v. Corr*, 543 F.2d 1042, 1051 (2d Cir. 1976).

### A. Defendant Must Be Precluded from Using Any Witnesses that Were Not Disclosed in its Rule 26 Disclosure.

Rule 26 of the Federal Rules of Civil Procedure requires that parties disclose the identity of individuals "likely to have discoverable information that the disclosing party may use to support its claims or defense." Fed. R. Civ. P. 26(a). If a party, "without substantial justification fails to disclose information required by Rule 26(a), [the non-disclosing party] is not, unless such a failure is harmless, permitted to use as evidence the information not disclosed." *Tse v. UBS Fin. Servs. Inc.*, 568 F. Supp. 2d 274, 306-07 (S.D.N.Y. 2008) (*citing* Fed. R. Civ. P. 37(c)) (internal quotations omitted). According to the Second Circuit, a showing of bad faith is not required to exclude evidence under Rule 37(c)(l). *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006).

The purpose of the Rule is threefold: (1) to ensure that a party will not benefit from its own failure to comply; (2) to instill specific deterrents and seek to obtain compliance with the discovery obligation; and (3) to serve as a general deterrent effect in the case at hand and in other litigation. *See Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) (*citing Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976)). Fed. R. Civ. P Rule 37(c) is intended to "prevent the practice of 'sandbagging' an adversary with new evidence." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 155 (S.D.N.Y. 2012) (*citing Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004)).

When a party fails to disclose information pursuant to Rule 26, the exclusion sanction of Rule 37(c)(1) is "near automatic." *Id*. at 297 (*quoting Wilson v. Bradlees of New England. Inc.*, 250 F.3d 10, 20 (1st Cir. 2001)); *Miles v. County of Broome*, No. 3:04-CV-1147, 2006 U.S. Dist. LEXIS 15482, at *10 (N.D.N.Y. Mar. 6, 2006) (Exclusion under Rule 37 is automatic unless the party who failed to disclose the witness or evidence demonstrates a substantial justification for the failure to disclose or that the failure to disclose is harmless). The party that fails to comply with Rule 26 bears the burden of proving that its non-compliance was substantially justified or harmless. *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd.*, 280 F.R.D. at 159.

In determining whether to admit testimony of witnesses not disclosed in a party's Rule 26 disclosure, the Second Circuit identified four factors a court must consider: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Design Strategy v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006) (*citing Patterson v. Balsamico*, 440 F.3d 104 (2d Cir. 2006)).

In this case, Defendant failed to disclose the identities of the following individuals whom Defendant now intends to call at trial:

- Allison Martin, Martin's then-spouse;
- Michelle Sperruggia, a Special Agent with the United States Department of Health and Human Services; and
- Juan Carlos Payan, Connor Pugh, Jesse Strollo, Marco Grimaldi, and Clive Whilby, all of whom are investigators at Terrier Claims Services.

Defendant has offered no explanation for its failure to comply with the disclosure requirement. Indeed, none of these individuals were unknown to Defendant at the time that it made its Rule 26 Disclosures.

Furthermore, as to the importance of the testimony of the precluded witnesses, these witnesses all intend to testify as to the matter that is the gravamen of the entire case – namely, whether Martin is disabled. Allsion Martin and Michelle Sperruggia purportedly witnessed behavior inconsistent with Martin's claims of disability. Investigators at Terrier Claims Services purportedly have surveillance footage of Martin. As such, the significance of their proffered testimony cannot be overstated.

As such, the prejudice that Martin would suffer, if these witnesses would be allowed to testify is enormous. For example, Plaintiff has not had an opportunity to depose any of these witnesses. *See Bovell v. City of Mount Vernon*, No. 21-cv-1621, 2023 U.S. Dist. LEXIS 87445 (S.D.N.Y. May 18, 2023); *see also Rivera v. United Parcel Serv.*, 325 F.R.D. 542, 547–48 (S.D.N.Y. 2018) (concluding that the party who did not have an opportunity to depose witnesses regarding the newly disclosed testimony was prejudiced).

Therefore, all of these witnesses should be precluded under Fed. R. Civ. P. 37(c) from testifying at trial.

**B. Any Spousal Communications are Privileged and Irrelevant and Must be Precluded.**

To the extent Defendant seeks to introduce any confidential communications between Plaintiff and his then-wife, Allison Martin, during their marriage, they must be precluded under the marital privilege.

"[A] confidential communication between husband and wife [is] privileged." *Blau v. United States*, 340 U.S. 332, 333 (1951) (*citing Wolfle v. United States*, 291 U.S. 7 (1934)); *In re Reserve Fund Secs. & Derivative Litig. v. Reserve Mgmt. Co.*, 275 F.R.D. 154, 157 (S.D.N.Y.

2011) ("the marital communications privilege[] protects private and confidential communications between spouses from disclosure."). According to the Second Circuit, "[c]onversations between spouses are presumed confidential." *United States v. Taylor*, 92 F.3d 1313, 1332 (2d Cir. 1996).

"There are three prerequisites to the assertion of the communications privilege: (1) at the time of the communication, there must have been a marriage recognized as valid by state law; (2) there must have been a communication with respect to which the privilege is asserted; and (3) the communication [must have been] made in confidence." *Id*. (citations and internal quotation marks omitted).

Here, to the extent that Defendant seeks to introduce any confidential marital communications made between Martin and his then-wife during the course of their marriage, the privilege assertion must be upheld.

### C. Any Mention of the Details of Denny Martin's Divorce Would be Unduly Prejudicial and Wholly Irrelevant to the Issues in this Case.

Evidence is relevant under Federal Rule of Evidence 401 if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

Evidence, including testimony sought to be elicited on cross-examination, must also satisfy Rule 403, which provides that a court may exclude even relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

For example, the Second Circuit long ago recognized, "[a]bsent counterbalancing probative value, evidence having a strong emotional or inflammatory impact[] … may pose a risk of unfair prejudice because it tends to distract the jury from the issues in the case" and encourages

the jury to punish a defendant out of a sense of moral outrage and "despite what the evidence in the case shows actually happened." *United States v. Robinson*, 560 F.2d 507, 514 (2d Cir. 1977) (internal quotation marks and citation omitted). Similarly, evidence poses a risk of unfair prejudice where it encourages a "decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, advisory committee's note; *accord Old Chief v. United States*, 519 U.S. 172, 180 (1997).

Furthermore, unfair prejudice may also arise where the evidence tends "to prove some adverse fact not properly in issue." *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980).

Rule 403 provides district courts with "wide latitude in excluding evidence that possesses an undue risk of prejudice or confusion of the issues, or is found to be marginally relevant to the issues in the case." *Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 296 (2d Cir. 1999); *See also U.S. v. Devery*, 935 F. Supp. 393, 408 (S.D.N.Y. 1996) ("[s]ome probative value ... is not necessarily enough to overcome a Rule 403 balancing test.") (emphasis in original).

Here, Plaintiff is unaware of any proper basis for any mention of the grounds for his divorce including but not limited to any mention of salacious behavior such as marital infidelity, which is unduly prejudicial and has no bearing whatsoever on the issues in this case.

First, any such mention of Martin's divorce is wholly irrelevant to any issue in contention in this matter, and thus any such evidence must be precluded from introduction at trial pursuant to Federal Rules of Evidence 401 and 402.[1]

Second, even if the challenged evidence is relevant, it should be excluded under Rule 403 as unduly prejudicial. Any mention of the grounds underlying Martin's divorce would undoubtedly

---

[1] Plaintiff does acknowledge that, should Allison Martin be permitted to testify at trial, the contentious nature of her divorce with Plaintiff may be relevant to her credibility as a witness and may further be admissible for purposes of impeachment.

embarrass him and risks inflaming members of the jury. *See e.g., United States v. Giovinco*, No. 18 Cr. 14 (JSR), 2020 U.S. Dist. LEXIS 29633, at *8 (S.D.N.Y. Feb. 20, 2020) ("Evidence of an affair is not particularly probative of a witness's character for truthfulness, and is often unduly prejudicial, justifying exclusion under Rule 403); *United States v. Siraj*, No. 05 Cr. 104, 2006 U.S. Dist. LEXIS 68651, at *1-3 (E.D.N.Y. Sept. 25, 2006) (precluding cross-examination on divorce and affair) (citing cases).

Therefore, even if Allison Martin is allowed to testify, even though she was not disclosed and should be precluded under Fed. R. Civ. P. 37(c), her testimony should be limited to the issues relevant to this case and she should be precluded from discussing the specific underlying details of the grounds for her and Martin's divorce.

### D. Any Mention of Denny Martin's Efforts to Offer A Bribe Would be Unduly Prejudicial and Wholly Irrelevant to the Issues in this Case.

Defendant should be precluded from introducing Nigora Gontmakher ("Gontmakher") as a witness. Defendant has asserted that it intends to offer Gontmakher as a witness to testify as to a bribe that Martin purportedly offered her in relation to a court-ordered supervision of Martin with his minor child, which was required as a result of the divorce between Plaintiff and Allison Martin.

First, Gontmakher was not disclosed in Defendant's Rule 26 Disclosure. As such, she should be precluded from testifying under Fed. R. Civ. P. 37(c). Second, Gontmakher's testimony is wholly irrelevant to the case, and should be precluded under Fed. R. of Evid. 401 and 402. There is simply no relationship between the purported bribe and whether Martin is disabled.

To the extent that Defendant intends to somehow link the bribe to Martin's character and to suggest that he should not be believed because he once purportedly offered a bribe, that is inadmissible character evidence, that is precluded under Fed. R. of Evid. 404, pursuant to which

7

"[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."

Finally, Gontmakher's testimony should be precluded under Fed. R. Evid. 403 as unduly prejudicial. Allowing evidence of an alleged bribe clearly risks inflaming the jury regarding a matter that is irrelevant to the case.

In sum, Gontmakher should be precluded from testifying. There simply are no facts that she can testify about that are admissible.

### E. Any Video Recordings that Defendant Seeks to Introduce at Trial Must be Excluded Unless They Are Authenticated.

Federal Rule of Evidence 901(a) provides that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." A trial court has "broad discretion to determine whether [evidence] has been properly authenticated." *United States v. Pluta*, 176 F.3d 43, 49 (2d Cir. 1999). "Rule 901(a) . . . is satisfied if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification." *United States v. Ruggiero*, 928 F.2d 1289, 1303 (2d Cir. 1991) (internal quotation marks and citation omitted); *see also United States v. Tin Yat Chin*, 371 F.3d 31, 38 (2d Cir. 2004).

According to the Second Circuit, video recordings may be authenticated "on the same principles as still photographs," *Mikus v. United States*, 433 F.2d 719, 725 (2d Cir. 1970) (citations omitted), and still photographs may be authenticated by a witness familiar with what is pictured. *See Kleveland v. United States*, 345 F.2d 134, 137 (2d Cir. 1965); *see also Accord United States v. Ida*, 1997 U.S. Dist. LEXIS 2997, *5 (S.D.N.Y. Mar. 18, 1997) ("In view of the strong impact that [video] recorded evidence may have on juries . . . the Second Circuit requires that the

[introducing party] produce clear and convincing evidence of authenticity and accuracy as a foundation for the admission of such recordings.") (internal quotation omitted).

Specifically, where video footage is offered as evidence, Fed. R. Evid. 901's authentication requirement may be satisfied either by the "[t]estimony of [a] witness with knowledge … that a matter is what it is claimed to be" or by the presence of "[d]istinctive characteristics and the like"– that is, where the proffered evidence's "appearance, contents, substance, internal patterns, or other distinctive characteristics," together with the circumstances, bespeak the authenticity of the footage. Fed. R. Evid. 901(b)(1) & (4). *See also CA, Inc. v. Simple.com, Inc.*, 780 F. Supp. 2d 196, 224 (E.D.N.Y. 2009) (video can be authenticated by witness with knowledge); *Gonzalez v. Digital Equip. Corp.*, 8 F. Supp. 2d 194, 197 (E.D.N.Y. 1998) (video can be authenticated by its distinctive characteristics taken together with all circumstances).

Defendant has listed several videos as proposed exhibits on its exhibit list (DX-29, DX-30, DX-32, DX-32a, DX-32b, and DX-33). These videos cannot be entered into evidence unless Defendant can adequately authenticate them by either (1) a competent witness who has knowledge of how, when, and where the videos were created; or (2) the videos' distinctive characteristics.

If Defendant fails to produce such a witness, Plaintiff respectfully requests that the Court exclude those videos from evidence.

## **CONCLUSION**

**WHEREFORE**, Plaintiff respectfully requests that the Court grant his motion *in limine* and exclude all evidence, questioning, and argument that relates to the grounds for Martin's divorce and/or confidential spousal communications. Further, Plaintiff also requests that the Court preclude Defendant from using any witnesses that were not disclosed in its Rule 26 disclosure and any video recordings that it cannot properly authenticate.

9

Dated: Kew Gardens, New York
June 30, 2023

                                            **LIPSIUS-BENHAIM LAW, LLP**
                                            *Attorneys for Plaintiff Denny Martin*

                                      By: _____
                                            Ira S. Lipsius, Esq.
                                            David BenHaim, Esq.
                                            Alexander J. Sperber, Esq.
                                            Meir Z. Goldberg, Esq.
                                            80-02 Kew Gardens Road, Suite 1030
                                            Kew Gardens, New York 11415
                                            Telephone: (212) 981-8440
                                            Facsimile: (888) 442-0284
                                            ilipsius@lipsiuslaw.com
                                            dbenhaim@lipsiuslaw.com
                                            asperber@lipsiuslaw.com
                                            mzgoldberg@lipsiuslaw.com