

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**JAY D. KENIGSBERG**
PARTNER
(516) 357-3007
jay.kenigsberg@rivkin.com

October 10, 2023

**VIA ECF**

Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

> The Court is skeptical of the claim that Counsel's email does not qualify as a judicial document subject to the presumption in favor of public access. At a minimum, counsel should have proceeded with more caution (and mindful of the fact that the Court's Individual Rules prohibit substantive communications by email). Be that as it may, the Court will keep the email sealed since the fact of the settlement is now public and there is a valid interest in keeping the terms of the settlement (to the extent that the email discloses any) confidential. The Court will refile the Order at ECF No. 102 without the attachment. The Clerk of Court is directed to terminate ECF No. 103.
>
> SO ORDERED.
>
> [signature]
>
> October 10, 2023

Re:  *Denny Martin v. Berkshire Life Insurance Company of America*
     Civ. Action No.: 20 CV 10428 (JMF)
     RR File No.: 5072-42

Dear Judge Furman:

Please accept this letter motion on behalf of Defendant Berkshire Life Insurance Company of America ("Berkshire") seeking the sealing of an October 6, 2023 e-mail that was annexed to the Court's Order dated October 6, 2023 (ECF 102). Berkshire appreciates that the Court has placed the Order on Court-view only and we are hopeful that the Court will seal the e-mail from the Order before it is formally docketed, for the following reasons.

Berkshire seeks sealing of the e-mail because it contains a description of the outcome of a mediation conducted on October 5, 2023, and provides certain details in connection with a confidential agreement entered by the parties.

Berkshire submits that the sealing or redaction of the e-mail is consistent with the holding in the Second Circuit that there exists no established presumption of access to confidential settlement discussions and documents. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) (citing *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 857 (2d Cir. 1998). The Court in *Gambale* recognized that where the parties to the agreement maintain its confidentiality, absent a "showing of public interest in the disclosure" of the agreement's terms, the parties "reasons for maintaining the confidentiality [may] easily overcome the markedly weak presumption of access." *Gambale*, 377 F.3d at 144. Certainly, the presumption of access to settlement negotiations, draft agreements, and conference statements is negligible to nonexistent. *U.S. v. Glens Falls*, 160 F.3d at 858.

66 South Pearl Street, 11th Floor
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

1301 Riverplace Boulevard
Jacksonville, FL 32207-9047
T 904.792.8925 F 904.467.3461

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

**RIVKIN RADLER** LLP

Honorable Jesse M. Furman
October 10, 2023
Page 2

The agreement entered into between Plaintiff and Defendant following the October 5, 2023 mediation is confidential and such confidentiality protects all of the terms of that agreement. The email update sent to the Court (and not filed on the docket) was simply to inform the Court of the status and resolution.

Notably, the common law right of public access generally only attaches to judicial documents – those relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). A document is "relevant to the performance of the judicial function if it would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (citations omitted).

In this case, Berkshire's e-mail was only intended to advise the court that the mediation was successful and to provide some details as to the timing of events that would necessarily precede the filing of the stipulation of dismissal. Berkshire did not intend to imply that there existed any circumstances under which the parties, or Berkshire, in particular, would not comply with the Court's Order of July 5, 2023 (ECF No. 88). By no means was Berkshire's email update to the Court intended to place before the Court a motion or a request to extend any of the dates previously set by the Court as pertains to the trial schedule in this matter. Berkshire will fully comply with that Order (ECF No. 88).

Under the circumstances, Berkshire respectfully submits that its e-mail was not intended to trigger any judicial or supervisory function of the Court. In short, the email has no impact on the Court's prior Order, or the trial schedule and we understand that without a timely filed stipulation of dismissal, all dates and deadlines for the trial remain in effect.

We therefore respectfully request that the Court seal that portion of its Order (ECF 102) attaching Berkshire's October 6, 2022 e-mail sent to the Court's chambers.

Should the Court have any questions, Berkshire is available to respond at the Court's convenience.

Respectfully submitted,

*Jay D. Kenigsberg*

Attorney for Defendant
Berkshire Life Insurance Company of America

cc:   All Counsel of Record by ECF

7759790.v1